Price Law Group, APC
420 S. Jones Blvd.
Las Vegas, Nevada, 89107
Tel: 702-794-2008
Fax: 866-401-1457

Steven A. Alper, NV Bar #8353
*Attorneys for Plaintiff, Alyana Anzaldua*

## UNITED STATES DISTRICT COURT
## OF NEVADA

| | |
|---|---|
| Alyana Anzaldua,<br><br>　　　　Plaintiff,<br><br>vs.<br><br><br>Capital One Bank, N.A.,<br><br>　　　　Defendant. | Case No.:<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Alyana Anzaldua ("Plaintiff"), through her attorneys, alleges the following against Defendant, Capital One Bank, N.A. ("Defendant").

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts

the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

## JURISDICTION AND VENUE

2. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

3. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

4. Plaintiff is a natural person residing in Henderson, Clark County, Nevada.

5. Defendant is a servicer of unsecured consumer debt with its headquarters located in Virginia and regularly transacts business throughout the United States and Nevada. Defendant may be served with process at its registered agent located at Corporation Service Company, 1111 East Main Street, Richmond, Virginia 23219.

## FACTUAL ALLEGATIONS

6. Defendant is attempting to collect a debt from Plaintiff.

7. In and around March 2017, Defendant began placing calls to Plaintiff's cellular phone number 702-234-4994, in an attempt to collect an alleged debt.

8. The calls came from the following telephone numbers: (866) 953-7906 and (800) 955-6600; upon information and belief these numbers are owned or operated by Defendant.

9. On or around March 16, 2017, at approximately 11:41 a.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the

collection agent began to speak, indicating the use of an automated telephone dialing system.

10. Defendant informed Plaintiff that it was attempting to collect a debt.

11. Plaintiff instructed Defendant not to contact her any further.

12. Defendant ignored Plaintiff's requests to cease calls and continued calling her through June 2017.

13. Upon information and belief, approximately 85 calls were made by the Defendant to the Plaintiffs cellular phone after Plaintiff had initially requested not to be contacted.

14. The Federal Communications Commission ("FCC") noted in its 2003 TCPA Order that a predictive dialer is "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain computer software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database od numbers." *2003 TCPA Order*, 18 FCC Rcd at 14091, para. 131.

15. The FCC further explained that the "principal feature of predictive dialing software is a timing function, not number storage or generation." *Id.*

16. Finally, the FCC stated that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." *Id.* At 14091-92, paras. 132-33

17. The conduct was not only willful, but done with the intention of causing Plaintiff such distress, so as to induce her to pay the debt.

18. The calls came during work hours and Plaintiff experienced embarrassment in the work place, having to explain the constant phone calls to her co-workers.

19. Plaintiff sustained frequent headaches from the continued and harassing phone calls.

20. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including but not limited to, emotional and mental pain and anguish.

## COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227)

21. Plaintiff incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

22. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

(a)     Prior to the filing of the action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b)     Within four years prior to the filing of the action, on multiple occasions,   Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

23. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff, Alyana Anzaldua, respectfully requests judgment be entered against Defendant, Capital One Bank N.A., Inc., for the following:

    A. Statutory damages of $500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B);

    B. Any other relief that the Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: November 6, 2017

By: */s/ Steven A. Alpert*
Steven A. Alpert, NV #8353
*Attorney for Plaintiff,
Alyana Anzaldua*